IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| L&F HOMES AND DEVELOPMENT, LLC § | | PLAINTIFFS |
| d/b/a HYNEMAN HOMES AND § | | |
| LARRY MITRENGA § | | |
| § | | |
| v. § | Civil Action No. 1:10cv387HSO-JMR | |
| § | | |
| CITY OF GULFPORT, MISSISSIPPI § | | DEFENDANT |

**ORDER DENYING PENDING MOTIONS WITHOUT
PREJUDICE AND DIRECTING THE PARTIES TO FILE
CROSS MOTIONS FOR SUMMARY JUDGMENT**

BEFORE THIS COURT are the following Motions: 1) Defendant's Motion to Dismiss [8-1]; 2) Plaintiffs' Motion to Compel [25-1]; 3) Plaintiffs' Motion for Expedited Hearing [26-1]; 4) Plaintiffs' Motion *in Limine* [42-1]; 5) Plaintiffs' Motion for Sanctions and Attorney Fees [44-1]; 6) Defendant's Motion to Stay/Abate Briefings [48-1]; 7) Defendant's Motion for Protective Order [51-1]; 8) Plaintiffs' Motion to Reset Preliminary Injunction Hearing [54-1]; and 9) Plaintiffs' Motion to Compel and for Expedited Hearing [57-1]. The Court has reviewed the record, pleadings, and submissions on file in connection with these pending Motions, and has determined that before it can proceed further in this case, additional briefing is necessary on the issue of Plaintiffs' standing in order to determine whether this Court has subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and must consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties. *Matter of Kutner,* 656 F.2d 1107, 1110 (5th Cir. 1981); FED. R. CIV. P. 12(h)(3).

"[J]urisdiction goes to the core of the court's power to act, not merely to the rights of the particular parties. If jurisdiction could be waived or created by the parties, litigants would be able to expand federal jurisdiction by action, agreement, or their failure to perceive a jurisdictional defect." *Giannakos v. M/V Bravo Trader,* 762 F.2d 1295, 1297 (5th Cir. 1985).

Standing "is an essential and unchanging part of the case or controversy requirement of Article III." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). The United States Supreme Court has defined standing as whether the litigant is entitled to have a court decide the merits of the dispute. *Warth v. Seldin,* 422 U.S. 490, 498 (1975). The party invoking federal jurisdiction bears the burden of proof in establishing each of the following constitutional requirements for standing:

> (1) an injury in fact that is concrete and particularized, (2) that injury must be caused by the defendant, and (3) it must be likely that the Court can redress the injury.

*Lujan,* 504 U.S. at 560-61.

"Failure to establish any one [of them] deprives the federal courts of jurisdiction to hear the suit." *Rivera v. Wyeth-Ayerst Labs.,* 283 F.3d 315, 319 (5th Cir. 2002). "The question of constitutional standing must be decided prior to prudential standing and the merits of the case." *Kendall v. National Union Fire Ins. Co. of Pittsburgh, PA,* 388 F. Supp. 2d 755, 758 (N.D. Miss. 2005).

In view of the foregoing, additional briefing on the issue of Plaintiffs' standing is necessary before this Court may proceed further in this matter. The Court finds that all pending motions should be denied without prejudice, with leave to reassert, if

the Court determines it has subject matter jurisdiction. The parties will be directed to file briefs focusing solely on the question of subject matter jurisdiction. Accordingly,

**IT IS, ORDERED AND ADJUDGED** that, the following briefing schedule is imposed in the above captioned cause:

(1) Each party shall submit a motion for summary judgment with an accompanying memorandum of authority on the issue of Plaintiffs' standing on or before March 16, 2011.

(2) Each party may submit responses to the opposing motions on or before March 30, 2011.

(3) Each party may submit a rebuttal on or before April 8, 2011.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, 1) Defendant's Motion to Dismiss [8-1]; 2) Plaintiffs' Motion to Compel [25-1]; 3) Plaintiffs' Motion for Expedited Hearing [26-1]; 4) Plaintiffs' Motion *in Limine* [42-1]; 5) Plaintiffs' Motion for Sanctions and Attorney Fees [44-1]; 6) Defendant's Motion to Stay/Abate Briefings [48-1]; 7) Defendant's Motion for Protective Order [51-1]; 8) Plaintiffs' Motion to Reset Preliminary Injunction Hearing [54-1]; and 9) Plaintiffs' Motion to Compel and for Expedited Hearing [57-1], should be and hereby are **DENIED WITHOUT PREJUDICE AT THIS TIME.** The parties are hereby granted leave to reassert these Motions, if necessary, following resolution of the issue of subject matter jurisdiction.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this case is stayed pending resolution of the question of this Court's subject matter jurisdiction. The Court will enter an amended scheduling and pretrial order establishing a new trial

setting and resetting certain deadlines following resolution of this Court's subject matter jurisdiction.

**SO ORDERED AND ADJUDGED**, this the 3rd day of March, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE