**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **L&F HOMES AND DEVELOPMENT, d/b/a HYNEMAN HOMES AND LARRY MITRENGA** | § § § § | **PLAINTIFFS** |
| **v.** | § | **Civil Action No. 1:10cv387HSO-JMR** |
| **CITY OF GULFPORT, MISSISSIPPI** | § § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT CITY OF GULFPORT'S MOTION TO DISMISS PUNITIVE DAMAGES CLAIM AND GRANTING IN PART, DENYING IN PART AND DENYING AS MOOT IN PART CITY OF GULFPORT'S MOTION TO DISMISS CLAIMS NOT PERMITTED BY THE MISSISSIPPI TORT CLAIMS ACT**

THIS MATTER COMES BEFORE THE COURT on a Motion to Dismiss Plaintiffs' Punitive Damages Claim [112-1] filed by Defendant City of Gulfport on June 15, 2011. Plaintiffs have filed a Response [118-1]. Also before the Court is Defendant City of Gulfport's Motion to Dismiss Claims not permitted by the Mississippi Tort Claims Act [116-1] filed on June 16, 2011. Plaintiffs have filed a Response [124-1]. After due consideration of the record, the submissions on file, and the relevant legal authorities, the Court finds that Defendant's Motion to Dismiss Punitive Damages Claim [112-1] should be granted. The Court further finds that City of Gulfport's Motion to Dismiss Claims not permitted by the Mississippi Tort Claims Act [116-1] should be granted as to the punitive damages claim and the claim for attorneys' fees under state law, denied without prejudice as to the issues of attorneys' fees under federal law and declaratory relief, and denied as moot as to

Plaintiffs' request for injunctive relief.

I. BACKGROUND

In December 2009, Plaintiffs purchased the Roundhill subdivision in Harrison County, Mississippi, just outside the city limits of Gulfport. Compl. [1-1] at p. 2. After purchasing the property, Plaintiffs learned that the subdivision was not an existing entitled community for purposes of water and sewer services. *Id.* at pp. 3-4. The City issued a letter denying Plaintiffs' request for service verification of the Roundhill subdivision. Plaintiffs contend that they sought administrative relief from the decision, but were not informed of the proper procedure for obtaining a hearing or administrative appeal. Instead, Plaintiffs filed a bill of exceptions in state court. *Id.* at pp. 4-5. The Mayor did not sign the bill of exceptions. Plaintiffs, taking issue with the fact the Mayor had not signed the bill of exceptions, filed a petition for mandamus in state court. *Id.* The City moved to quash the mandamus on service of process grounds, *id.* at p.5, and also moved the state court to deny mandamus on the grounds that the City was improperly named instead of the Mayor, *id.* On September 10, 2010, the Circuit Court of Harrison County, Mississippi, granted the City's Motion to Dismiss for lack of jurisdiction, since a hearing had not yet been held before the Gulfport City Council. Ex. "E" to Def.'s Mot. to Dismiss [8-1].

Plaintiffs filed a Complaint [1-1] in this Court on August 2, 2010, seeking damages, declaratory relief, unspecified punitive damages, costs, and attorneys' fees. Plaintiffs assert claims for: (1) breach of contract; (2) detrimental reliance and

estoppel; (3) violation of the Federal Fair Housing Act, 42 U.S.C. § 3601, *et seq*.; (4) violation of 42 U.S.C. §1982; (5) violation of procedural due process; (6) violation of substantive due process; (7) violation of equal protection; and (8) expropriation of property without "just" compensation. Plaintiffs claim that their potential damages could exceed forty million dollars. *Id*. at p. 11. Plaintiffs filed an Amended Complaint on March 3, 2011, adding a claim for violation of their First Amendment rights of freedom of speech and of association [61-1]. The City of Gulfport now moves the Court to dismiss Plaintiffs' claims for punitive damages, attorneys' fees, and declaratory and injunctive relief.

## II. DISCUSSION

### A. Legal Standard

A motion to dismiss under FED. R. CIV. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). FED. R. CIV. P. 8(a) provides in relevant part that

> [a] pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

Under FED. R. CIV. P. 8(a)(2), the statement need only "give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court's analysis is "generally confined to a review of the complaint and its proper attachments." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (U.S. 2009) (quoting *Twombly*, 550 U.S. at 556-57, 570).

B. Analysis

*1. Punitive Damages Claim*

Plaintiffs' prayer for relief includes a demand for "an award of punitive damages as this Court may find to be reasonable on the evidence presented." Compl. [1-1] at p. 13. Plaintiffs allege that because City officials have acted willfully and with wanton disregard of their rights, punitive damages are warranted in this case under applicable state and federal law. *Id.* at p.12.

a. Plaintiffs' Federal Claims

The law is well established that Plaintiffs cannot recover punitive damages from governmental entities such as the City for claims brought under the provisions of 42

U.S.C. § 1983. "Because absolute immunity from such damages obtained at common law and was undisturbed by the 42d Congress, and because that immunity is compatible with both the purposes of § 1983 and general principles of public policy, we hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *see also Cox v. City of Jackson*, 343 F. Supp. 2d 546, 579 (S.D. Miss. 2004). To the extent Plaintiffs rely on 42 U.S.C. § 1983 as a vehicle for recovering punitive damages from the City, such claims must be dismissed. *See Webster v. City of Houston*, 735 F.2d 838, 860 n.1 (5th Cir. 1984); *see also Walters v. City of Atlanta,* 803 F.2d 1135, 1148 (11th Cir. 1986)(holding punitive damages were not recoverable for §1981 and § 1983 claims against the City of Atlanta).

Nor is the Court persuaded that punitive damages are recoverable for Plaintiffs' additional federal claims brought pursuant to § 1982 and the FHA. While the Court has located no cases specifically addressing the issue of the recovery of punitive damages under § 1982 or the FHA[1], there is authority for the proposition that where a statute does not specifically address the recovery of punitive damages, they are not ordinarily recoverable against a municipality. *See, e.g., Genty v. Resolution Trust Corp.,* 937 F.2d 899, 914 (3d Cir. 1991)(municipal entities immune from punitive damages under Racketeer Influenced and Corrupt Organizations Act); *Butler v. South*

[1]However, the Eighth Circuit has concluded that the same standard is applied for awarding punitive damages in FHA cases as in employment discrimination and 42 U.S.C. § 1983 civil rights cases. *Quigley v. Winter,* 598 F. 3d 938, 952 (8th Cir. 2010).

*Glen Falls Cent. School Dist.*, 106 F. Supp. 2d 414, 421 (N.D. N.Y. 2000)(municipalities are immune from punitive damages claims brought pursuant to the Rehabilitation Act); *Short v. City of West Point,* 1996 WL 737535, *7 (N.D. Miss. 1996)(holding punitive damages were not recoverable for §1981 claims against the City); *see also Town of Newton v. Wilson,* 91 So. 419 (Miss. 1922)(punitive damages are not recoverable against municipality unless authorized by statute). Plaintiffs have cited no controlling or persuasive legal authority to support a conclusion that punitive damages can be recovered from a municipality under either § 1982 or the FHA.

Nor have any facts been pled which would show that there has been conduct on the part of the taxpayers which would warrant the imposition of punitive damages. The Supreme Court, noting the "judicial disinclination to award punitive damages against a municipality," *City of Newport*, 453 U.S. at 260, has concluded that

> . . . punitive damages imposed on a municipality are in effect a windfall to a fully compensated plaintiff, and are likely accompanied by an increase in taxes or a reduction of public services for the citizens footing the bill. Neither reason nor justice suggests that such retribution should be visited upon the shoulders of blameless or unknowing taxpayers.

*City of Newport*, 453 U.S. at 267.

In support of their claims, Plaintiffs refer to the letter denying Plaintiffs' request for service verification of the Roundhill subdivision; cite to a lack of administrative relief and proper procedures for obtaining a hearing or administrative appeal; and the fact that the Mayor has not signed their bill of exceptions in state court. The facts as alleged in Plaintiffs' Complaint, together with the law as developed on this issue,

support the conclusion that, as a matter of law, Plaintiffs cannot recover punitive damages from the City on their claims asserting violations of § 1982 and the FHA.

b. Plaintiffs' State Law Claims

The Court further finds that Plaintiffs' state law contract and tort claims do not support an award of punitive damages against the City. Because this Court has subject matter jurisdiction over this lawsuit by virtue of diversity of citizenship, 28 U.S.C. § 1332, it is obligated to apply the substantive law of the State of Mississippi, *Erie R.R. Company v. Tompkins*, 304 U.S. 64 (1938).

Mississippi Code § 11-46-15(2) provides that

> [n]o judgment against a governmental entity or its employee for any act or omission for which immunity is waived under this chapter shall include an award for exemplary or punitive damages . . .

Miss. Code § 11-46-15(2).

> Under Mississippi law, punitive damages are not recoverable against a municipality unless authorized by statute. *Town of Newton v. Wilson,* 91 So. 419 (Miss. 1922). Moreover, the MTCA provides that punitive damages are not permitted against governmental entities, even in actions for which governmental immunity is waived. *See* Miss. Code Ann. 11-46-15 (2).

*Upchurch v. City of Moss Point*, 2011 WL 5082224, *13 (S.D. Miss. 2011).

In addition, the Mississippi Tort Claims Act provides, in relevant part, that the state, and by extension the City:

> is immune from suit at law or in equity on account of any wrongful or tortious act or omission or breach of implied term or condition of any warranty or contract, including but not limited to libel, slander or defamation, by the state or its political subdivisions, or any such act, omission or breach by any employee of the state or its political subdivisions, notwithstanding that any such act, omission or breach

> constitutes or may be considered as the exercise or failure to exercise any duty, obligation or function of a governmental, proprietary, discretionary or ministerial nature and notwithstanding that such act, omission or breach may or may not arise out of any activity, transaction or service for which any fee, charge, cost or other consideration was received or expected to be received in exchange therefor. Miss. Code Ann.§ 11-46-3(1) (Rev. 2002).

*Whiting v. University of Southern Mississippi*, 62 So. 3d 907, 915-16 (Miss. 2011).

The Mississippi Supreme Court went on to state that

> [w]e have interpreted the phrase 'any wrongful or tortious act or omission or breach of implied term or condition of any warranty or contract' to mean that the MTCA covers both tortious breaches of contract and breaches of implied terms and warranties of a contract. *City of Jackson v. Estate of Stewart ex rel. Womack,* 908 So.2d 703, 710 (Miss. 2005).

*Id.*

After consideration of the arguments and authorities presented, the Court is persuaded that Defendant is immune from Plaintiffs' claim for punitive damages under both state and federal law.

*2. Claim for Injunctive Relief*

Defendant City of Gulfport moves to dismiss Plaintiffs' claims for injunctive relief

> to the extent that the actions of the Defendant involve the issuance, or not, of permits (§11-46-9(1)(b) & (h)), actions based upon functions amounting to or involving "discretion" of a public official (§11-46-9(1)(d)), actions or claims related to "fire protection" (§11-46-9(1)(c)), actions related to decisions to offer or provide governmental services (§11-46-9(1)(g)), and actions related to the installation of public facilities (§11-46-9(1)(p)).

Def.'s Mot. to Dismiss at p. 3.

Plaintiffs concede that this issue was rendered moot by virtue of a hearing this

Court conducted in April 2011. Pls.' Resp. to Def.'s Mot. to Dismiss, [124-1] at p.3. The Court finds that Defendant's Motion to Dismiss Plaintiffs' request for injunctive relief is therefore moot.

*3. Claim for Attorneys' Fees*

Plaintiffs assert that "Defendant is correct in pointing out that attorney [sic] fees are not available against government entities as a remedy in state law tort claims governed by the MTCA." Pls.' Resp. to Def.'s Mot. to Dismiss, [124-1] at p.3. Inasmuch as Plaintiffs concede that attorneys' fees are not recoverable for Plaintiffs' state law tort claims, the Court finds that Defendant's Motion to Dismiss this claim should be granted. Plaintiffs argue that their claim for attorneys' fees should not be dismissed under federal law. The Court finds that this question is premature for resolution. Accordingly, Defendant's Motion will be denied without prejudice on this particular claim.

*4. Claim for Declaratory Relief*

Insofar as Defendant's Motion seeks dismissal of Plaintiffs' claims for declaratory relief, the Court is of the view that this issue has not been sufficiently developed in the record at this juncture, and this portion of Defendant's Motion will be denied without prejudice as premature.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Punitive Damages Claim [112-1] will be granted, and Defendant's Motion to Dismiss Claims not permitted by the Mississippi Tort Claims Act [116-1] will be granted in part as to the punitive

damages claim and claim for attorneys' fees under state law, denied without prejudice as to the issues of attorneys' fees under federal law and declaratory relief, and denied as moot as to Plaintiffs' request for injunctive relief.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the Motion to Dismiss Claim for Punitive Damages [112-1] filed by Defendant City of Gulfport on June 15, 2011, is **GRANTED**, and Plaintiffs' claim for punitive damages against Defendant City of Gulfport is **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the Motion to Dismiss Claims not permitted by the Mississippi Tort Claims Act [116-1] filed on June 16, 2011, by Defendant City of Gulfport is **GRANTED IN PART**, as to Plaintiffs' claims for punitive damages and for attorneys' fees under state law; **DENIED AS MOOT**, as to Plaintiffs' claims for injunctive relief; and **DENIED WITHOUT PREJUDICE AS PREMATURE**, as to Plaintiffs' claims for attorneys' fees under federal law and declaratory relief. Plaintiffs' claims for punitive damages and for attorneys' fees under state law against Defendant City of Gulfport are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 15th day of November, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE