IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| L&F HOMES AND DEVELOPMENT, LLC, d/b/a HYNEMAN HOMES AND LARRY MITRENGA § § § § | | PLAINTIFFS |
| v. § | Civil Action No. 1:10cv387HSO-JMR | |
| CITY OF GULFPORT, MISSISSIPPI § | | DEFENDANT |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT CITY OF GULFPORT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF LARRY MITRENGA'S INDIVIDUAL DAMAGES CLAIMS, AND DISMISSING PLAINTIFF LARRY MITRENGA FOR LACK OF STANDING**

BEFORE THE COURT is the City of Gulfport's Motion for Partial Summary Judgment [589] filed March 26, 2012. On April 5, 2012, L&F Homes and Development, LLC, and Larry Mitrenga filed a Response to the Motion for Partial Summary Judgment [633], which seeks dismissal of the individual damages claims of Plaintiff Larry Mitrenga. The City of Gulfport filed a Rebuttal in support of the Motion [665] on April 12, 2012. After due consideration of the record, the submissions on file, and the relevant legal authorities, the Court finds that because Plaintiff Larry Mitrenga lacks standing to pursue his individual claims in this Court, the City of Gulfport's Motion for Partial Summary Judgment [589] should be granted.

**I. FACTS AND PROCEDURAL HISTORY**

In December 2009, Plaintiff L&F Homes and Development, LLC ["L&F"]

-1-

purchased the Roundhill subdivision in Harrison County, Mississippi, just outside the city limits of Gulfport. Compl. [1-1] at p. 2. In order to secure financing for the purchase, Plaintiff Larry Mitrenga pledged an $800,00.00 certificate of deposit.[1] Subsequent to the purchase of the property, Plaintiffs learned that the subdivision was not an existing entitled community for purposes of receiving water and sewer services. *Id.* at pp. 3-4. The City of Gulfport ["Defendant"] issued a letter denying Plaintiffs' request for service verification of the Roundhill subdivision.

Plaintiffs contend that they sought administrative relief from the decision, but were not informed of the proper procedure for obtaining a hearing or administrative appeal. Instead, Plaintiffs filed a bill of exceptions in the Circuit Court of Harrison County, First Judicial District. *Id.* at pp. 4-5. The Mayor did not sign the bill of exceptions. Plaintiffs filed a petition for mandamus in the state court. *Id.* The City moved to quash the mandamus on service of process grounds, and also moved the state court to deny mandamus on the theory that the City was improperly named. *Id.* at p. 5. On September 10, 2010, the Circuit Court granted the City's Motion to Dismiss for lack of jurisdiction, on the basis that a hearing had not yet been held before the Gulfport City Council. Ex. "E" to Def.'s Mot. to Dismiss [8-1].

Plaintiffs then filed suit in this Court on August 2, 2010, seeking damages, declaratory relief, unspecified punitive damages, costs, and attorneys' fees. They

---

[1] According to Plaintiffs, the "bank still has the CD, has not yet applied it to the balance of the loan, . . . ." Pls.' Resp. to Mot. for Summ. J. [634], n.3, at p.3.

advance claims for: (1) breach of contract; (2) detrimental reliance and estoppel; (3) violation of the Federal Fair Housing Act, 42 U.S.C. § 3601, *et seq*.; (4) violation of 42 U.S.C. §1982; (5) violation of procedural due process; (6) violation of substantive due process; (7) violation of equal protection; and (8) expropriation of property without "just" compensation. Plaintiffs filed an Amended Complaint [61] on March 3, 2011, adding a claim for violation of their First Amendment rights of freedom of speech and of association [61-1]. By Order [351] entered November 11, 2011, Plaintiffs' claims for punitive damages, attorneys' fees under state law, declaratory relief, and injunctive relief, were dismissed. Defendant now seeks dismissal of Plaintiff Larry Mitrenga's individual damages claims.

## II. <u>DISCUSSION</u>

A. <u>Legal Standard</u>

Rule 56(a) of the Federal Rules of Civil Procedure states that the Court shall grant summary judgment on each claim or defense on which summary judgment is sought if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

To rebut a properly supported motion for summary judgment, the opposing party must present significant probative evidence, since there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return

a verdict for that party. *Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999). If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmovant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. *Booth,* 75 F. Supp. 2d at 543.

The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *Id*. With regard to "materiality," only those disputes or facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *Id*. (citing *Phillips Oil Company v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir. 1987)). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial." *Id*. (quoting *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

B. <u>Plaintiff Larry Mitrenga's Individual Damages Claim</u>

*1. Standing*

Article III of the United States Constitution confines this Court to adjudicating actual "cases" and "controversies." U.S. Const. art. III, § 2, cl.1.

> The standing requirement originates from the Constitution confining federal courts to 'Cases' and 'Controversies'. . . . The 'irreducible constitutional minimum of standing contains three elements': injury-in-

fact, causal connection, and redressability.

*Time Warner Cable, Inc. v. Hudson*, 667 F. 3d 630, 635 (5th Cir. 2012)(quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992)).

The "injury in fact" element requires "an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) 'actual or imminent, not conjectural or hypothetical.'" *Lujan,* 504 U.S. at 561 (internal citations omitted).

The Complaint includes demands for pre-purchase development costs, actual costs, loss of tax advantages, sales incentives, property taxes, lost profits, future lost profits of L&F, lost income of Larry Mitrenga, post sale expenses, economic losses due to damage to commercial reputation, personal injury damages, attorneys' fees, and costs. Compl. [1] at pp. 25-30. Plaintiffs contend that these losses were incurred by both L&F and Larry Mitrenga, individually. *Id.*

Defendant moves to dismiss Plaintiff Larry Mitrenga's individual damages claims, on the grounds that Mr. Mitrenga has no standing to assert claims for damages in this lawsuit. Def.'s Mem. in Supp. of Mot. for Partial Summ. J. [590] at p. 13. Defendant reasons that because Mr. Mitrenga "did not purchase Roundhill and has no individual ownership of Roundhill, there is no privity or duty between Mitrenga and the City, and therefore Plaintiff Larry Mitrenga lacks standing to assert individual damages claims." *Id.* at p. 14.

In response to Defendant's Motion, Mr. Mitrenga asserts that, in order to secure the loan for purchasing Roundhill subdivision, he "had to pledge personal assets, an $800,000.00, Certificate of Deposit." Resp. in Opp'n to Mot. for Summ. J.

[634] at p. 3.  He further argues that, as the investor/guarantor, he has standing to sue directly for harm that is separate and distinct from that suffered by the corporation.  *Id.* at p. 9.  In particular, Mr. Mitrenga maintains that because he "suffered a violation of his individual rights in the form of a misrepresentation made directly to Mr. Mitrenga . . . .," the legal principles identified in *Photo Arts Imaging Professionals, LLC v. Best Buy Co., Inc.,* 2011 WL 5860704 (S.D. Miss. Nov. 22, 2011), should apply.  Pls.' Resp. to Mot. for Summ. J. [634] at p. 13.

> Although the general rule is that a stockholder can not pursue damages for the violation of a duty owed to the corporation, an 'exception to this rule arises where the stockholder seeks damages for the violation of a duty owed directly to him, but the exception comes into play only where the wrong itself amounts to a breach of the duty owed to the stockholder personally.'

*Photo Arts,* 2011 WL 5860704 at *2 (quoting *Jordan v. U.S. Fid. & Guar. Co.*, 843 F. Supp. 164 (S.D. Miss. 1993)).

Two pertinent distinctions must be made with regard to Plaintiffs' reliance on the *Photo Arts* decision: 1) the complaint in the *Photo Arts* case asserted negligence claims, while the Complaint filed here asserts neither negligence nor misrepresentation claims; and 2) the Court in *Photo Arts* ultimately determined that the plaintiffs lacked standing, inasmuch as they failed to present sufficient evidence of a duty the defendant owed to them individually.  *Photo Arts,* 2011 WL 5860704 at *2 (quoting *Jordan,* 843 F. Supp. at 175).

The Fifth Circuit has determined that standing requirements apply to actions brought to redress alleged injuries to corporate entities in civil rights

actions. *Gregory v. Mitchell*, 634 F.2d 199, 202 (5th Cir. 1981). "An action to redress injuries to a corporation, whether arising out of contract or tort, cannot be maintained by a stockholder in his own name but must be brought in the name of the corporation, since the cause of action being in the corporation, the stockholder's rights are merely derivative and can be asserted only through the corporation." *Schaffer v. Universal Rundle Corp.*, 397 F.2d 893, 896 (5th Cir. 1968); *see also Nationalcare Corp., Inc. v. St. Paul Prop. & Cas. Ins. Co.*, 22 F. Supp. 2d 558, 562 (S.D. Miss. 1998).

In the present case, the record evidence establishes that L&F Homes, LLC, purchased and is the owner of the Roundhill subdivision. It is undisputed that Mr. Mitrenga did not purchase, and does not otherwise possess, any ownership interest in the Roundhill subdivision.[2] The Court concludes that Mr. Mitrenga, as a member, or even as the sole shareholder, of L&F, does not possess standing in this

---

[2]Mr. Mitrenga's argument that he personally pledged a CD to secure financing for L&F does not change the result. "[I]ndividuals who personally lend or guarantee funds to a corporation, do so voluntarily," *see Howell Steel Co. v. Trustmark Nat'l Bank*, 666 F. Supp. 930, 932 (S.D. Miss. 1987), and such an act

> represents no more than an investment in the corporation, thus placing them in no better position than any other creditor . . . . With reference to the guaranteeing of the debt of the corporation, this court has previously held that the execution of such a guarantee, without more, does not give the guarantor standing to maintain a claim for the loss of his investment.

*Howell Steel Co.*, 666 F. Supp. at 932.

In this case it is undisputed that whatever personal guarantees Mr. Mitrenga may have extended on behalf of L&F, to date he has not been called upon to make any payments based upon these guarantees.

case. Rather, the alleged violations of rights asserted in the Complaint can be asserted solely through L&F, as the corporate entity that purchased and owns Roundhill. Any claims for liability arising under federal law with respect to the City of Gulfport's denial of water service to the Roundhill subdivision can be adjudicated on behalf of the property owner, which is the corporate entity, L&F Homes, LLC. They cannot be pursued by Plaintiff Larry Mitrenga, individually.

2. *Sufficiency of Proof Offered*

Notwithstanding Mr. Mitrenga's lack of constitutional standing in this case, the Court further finds that Mr. Mitrenga has not proffered sufficient summary judgment evidence in response to the Motion which tends to support his claim that he has suffered any damages personal to him, whether they be financial losses or injuries to his physical health, as a result of Defendant's conduct surrounding the denial of water service to Roundhill. Even assuming Mr. Mitrenga possessed standing in this case, his individual damages claims could not withstand summary judgment.

### III. CONCLUSION

For the foregoing reasons, the Court finds that because Plaintiff Larry Mitrenga lacks standing to assert individual damages claims, Defendant is entitled to judgment as a matter of law on this claim. Alternatively, Plaintiff Larry Mitrenga's claims for individual damages fail as a matter of law inasmuch as he has not proffered sufficient evidence of personal economic losses or medical evidence in support of these claims. Defendant's Motion for Partial Summary Judgment on

Plaintiff Larry Mitrenga's Individual Damages Claim [589] should be granted. The remaining claims set forth in the Complaint [1] and Amended Complaint [61] will proceed solely on behalf of L&F Homes and Development, LLC.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the Motion for Partial Summary Judgment [589] filed by Defendant City of Gulfport on March 26, 2012, is **GRANTED.** Plaintiff Larry Mitrenga's claims for individual damages against Defendant City of Gulfport are **DISMISSED FOR LACK OF STANDING,** and Plaintiff Larry Mitrenga is **DISMISSED AS A PLAINTIFF FOR LACK OF STANDING.** The remaining claims will proceed on behalf of L&F Homes and Development, LLC.

**SO ORDERED AND ADJUDGED**, this the 2nd day of July, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE