# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| L&F HOMES AND DEVELOPMENT, LLC, d/b/a HYNEMAN HOMES AND LARRY MITRENGA | § § § § | PLAINTIFFS |
| v. | § § | Civil Action No. 1:10cv387HSO-JMR |
| CITY OF GULFPORT, MISSISSIPPI | § | DEFENDANT |

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT CITY OF GULFPORT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S 42 U.S.C. § 1982 AND FAIR HOUSING ACT CLAIMS

BEFORE THE COURT is the City of Gulfport's Motion for Partial Summary Judgment [593] filed March 26, 2012. Plaintiffs filed a Response [644] on April 6, 2012. The City of Gulfport filed a Rebuttal in support of the Motion [663] on April 12, 2012. After due consideration of the record, the submissions on file, and the relevant legal authorities, the Court finds that because Plaintiffs' Fair Housing Act and 42 U.S.C. § 1982 claims fail as matter of law, the City of Gulfport's Motion for Partial Summary Judgment [593] should be granted.

### I. FACTS AND PROCEDURAL HISTORY

On July 2, 2012, this Court entered a Memorandum Opinion and Order [746] which set forth the relevant facts and procedural history in this case. They will not be repeated here; however, the Court adopts and incorporates them by reference. For this reason, the Court will focus only on the facts pertinent to resolution of the instant Motion.

In relevant part, the Complaint asserts that:

> Defendant has violated the Fair Housing Act and 42 U.S.C. § 1982 by destroying plaintiffs' subdivision as part of a scheme to exclude low income Black persons from residing in the Gulfport area.

Compl. [1] ¶ C, at p. 10. The City of Gulfport ["Defendant"] contends that it is entitled to summary judgment on these claims.

## II. DISCUSSION

A. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact." *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)(citing *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

The Court notes that the allegations contained in the Complaint, and the arguments presented in the pleadings associated with the instant Motion, refer to Plaintiffs Larry Mitrenga and L&F Homes and Development, LLC, collectively. In its Memorandum Opinion and Order [746] entered on July 2, 2012, the Court dismissed Plaintiff Larry Mitrenga for lack of standing. Therefore, analysis of the remaining claims is limited to those brought by Plaintiff, L&F Homes and Development, LLC ["L&F"].

B. <u>42 U.S.C. § 1982 Claims</u>

Defendant argues that without "proof that Plaintiffs are members of a racial minority, the claims under 42 U.S.C. § 1982 are clearly not actionable." Def.'s Mem. in Supp. of Mot. for Summ. J. [595] at p. 25. The Response [645] concedes that there are no Mississippi authorities addressing this question, arguing:

> as a matter of common sense, that the relationship between the injury to the 781 Group and the injury to Roundhill is so close that, whatever the prudential boundaries which limit recovery under 1982 may be, Roundhill stands inside these boundaries. . . . If the reason was racially discriminatory - and the proof of pretext gives rise to the inference that it was - Roundhill was denied water service for racially discriminatory reasons, and plaintiffs should be permitted to proceed under 42 U.S.C. §1982.

Pls.' Mem. in Opp'n to Def.'s Mot. for Summ. J. [645], at pp. 15-16.

Section 1982 provides that:

[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

42 U.S.C. § 1982.

"Section 1982 proscribes discrimination with respect to real or personal property interests. . . . Like § 1981, § 1982 is principally derived from § 1 of the Civil Rights Act of 1866." *Bobo v. ITT, Cont'l Baking Co.*, 662 F.2d 340, 343 (5th Cir. 1981)(citing *City of Memphis v. Greene*, 451 U.S. 100, 120 (1981)). In order to support a claim under §1982, L&F must show that it is a member of a racial minority, and that Defendant intentionally engaged in discrimination. *Green v. State Bar of Texas,* 27 F.3d 1083, 1086 (5th Cir. 1994); *see Chapman v. Arlington*

*Hous. Auth.*, 145 F. App'x 496, 497 (5th Cir. 2005). Because it is undisputed that L&F, as well as Mr. Mitrenga himself are not members of a racial minority, Defendant is entitled to judgment as a matter of law on the claims brought pursuant 42 U.S.C. § 1982.

C. <u>Fair Housing Act Claim</u>

The Complaint asserts that, at approximately the same time that L&F was purchasing Roundhill, "Group 781, LLC, intended to construct homes for low income purchasers . . . in a nearby subdivision area . . . and it was expected that the substantial majority of the persons who would occupy the 781 Group subdivision would be low income Black persons." Compl. [1] ¶¶ 13-15, at p. 6. Plaintiffs' Response submits that:

> the City's determined opposition to the 781 Group's proposed development was racially discriminatory . . . [and] [t]here is ample evidence to support the conclusion that Roundhill was collateral damage in the City's effort to oppose the 781 Group project: City officials decided that it was necessary to deny water service to Roundhill in order to better defend the City's position in the 781 Group litigation.

Pls.' Resp. in Opp. to Def.'s Mot. for Summ. J. [645] at p. 12.

The Fair Housing Act, 42 U.S.C. § 3601, *et seq.* ["FHA"], makes it unlawful to "otherwise make unavailable or deny, a dwelling to any person because of race, . . . ." 42 U.S.C. § 3604(A). The FHA has been interpreted to include "exclusionary zoning and the refusal to permit tying into the city's water and sewer systems through the denial of permits . . . ." *Luckett v. Town of Bentonia*, 2007 WL 1673570, *3 (S.D. Miss. June 7, 2007)(citing *Kennedy Park Homes Ass'n, Inc. v. City*

of Lackawanna, 436 F.2d 108 (2nd Cir. 1970); *United Farmworkers v. City of Delray Beach,* 493 F.2d 799 (5th Cir. 1974); *United States v. Black Jack,* 508 F.2d 1179 (8th Cir. 1974); *Resident Advisory Bd. v. Rizzo,* 564 F.2d 126 (3rd Cir. 1977)). "To recover under the FHA, an injured party may proceed under either a theory of disparate treatment or disparate impact (also called "discriminatory effect)." *Homebuilders Ass'n of Mississippi, Inc. v. City of Brandon, Miss.*, 640 F. Supp. 2d 835, 841 (S.D. Miss. 2009)(citing *Simms v. First Gibraltar Bank*, 83 F.3d 1546, 1555 (5th Cir. 1996)); *see also Hanson v. Veterans Admin.*, 800 F.2d 1381, 1386 (5th Cir. 1986).

    1. <u>Disparate Treatment</u>

The *McDonnell Douglas* burden-shifting framework is employed to analyze disparate treatment housing discrimination claims. *Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003)(citing *Robinson v. 12 Lofts Realty, Inc.,* 610 F.2d 1032, 1038 (2d Cir. 1979)).

> . . . [O]nce a plaintiff has established a *prima facie* case of discrimination, the burden shifts to the defendant to assert a legitimate, nondiscriminatory rationale for the challenged decision. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-03 (1973). If the defendant makes such a showing, the burden shifts back to the plaintiff to demonstrate that discrimination was the real reason for the defendant's action. *See Schnabel v. Abramson,* 232 F.3d 83, 87 (2d Cir. 2000). Summary judgment is appropriate if no reasonable jury could find that the defendant's actions were motivated by discrimination. *Id.* at 91.

*Mitchell,* 350 F.3d at 47.

A disparate treatment claim requires L&F to demonstrate deliberate

discrimination on the part of Defendant.  Such treatment may be proved through either direct or circumstantial evidence.  *Munoz v. Orr*, 200 F.3d 291, 299 (5th Cir. 2000).   In the present case, in order to establish a *prima facie* disparate treatment claim, the following four elements are required: 1) Plaintiffs were members of a protected class; 2) they applied for and were qualified for water and sewer service from Defendant; 3) the water and sewer service were denied or rejected; and 4) Defendant provided similarly situated individuals outside the protected class with water and sewer service.  *Luckett,* 2007 WL 1673570, *4 (citing *Selden Apartments v. United States Dep't of Housing and Urban Dev.*, 785 F.2d 152, 159 (6th Cir. 1986)).

Defendant contends that this FHA claim fails as a matter of law because: 1) Plaintiffs offer nothing more than mere speculation or their belief to establish that a member of a protected class has in fact been discriminated against; 2) water and sewer service were denied to both Roundhill and Group 781 based on fire flow pressure, a legitimate non-discriminatory reason; and 3) Plaintiffs have offered no evidence that similarly situated developments, comprised of individuals outside the protected class, have been provided water and sewer service by Defendant.  Defs.' Mem. in Supp. of Mot. for Summ. J. [595] at pp. 18-20.

According to Plaintiffs' Response [645], in order "to prove a claim under the Fair Housing Act, a litigant does not have to prove that he or she was the intended target of the discriminatory act."  Pls.' Mem. in Opp'n to Def.'s Mot. for Summ. J. [645], at p. 13.   They argue that:

> [t]he FHA prohibits discrimination "because of race" (42 U.S.C. 3604), defines an "aggrieved person" as "one who claims to have been injured by a discriminatory housing practice" (42 U.S.C. 3602(I)), and gives every aggrieved person the right to sue under the FHA (42 U.S.C. 3613).

*Id.*, n.4, at p. 13.

This argument goes more to the question of whether Plaintiffs ever possessed standing to pursue an FHA claim, even though they were not members of a racial minority or protected class. Defendant contends that notwithstanding the question of standing, this claim cannot withstand summary judgment on its merits.

> To survive summary judgment . . . [plaintiff] must establish (1) a fact issue as to whether the City's stated reason for its decision-i.e., that the project violates the City's municipal ordinances-is pretextual *and* (2) a reasonable inference that race was a significant factor in the refusal. The City's "refusal may have been unsound, unfair, or even unlawful, yet not have been violative of the [Fair Housing Act] if there is no evidence ... that race was a significant factor in [the City's] decision."

*Artisan/Am. Corp. v. City of Alvin, Tex.*, 588 F.3d 291, 295 (5th Cir. 2009)(quoting *Sims v. First Gibraltar Bank*, 83 F.3d 1546, (5th Cir. 1996)).

The Court finds that Plaintiffs have not proffered sufficient competent summary judgment evidence tending to show that Roundhill was a member of a protected class, or of any actual discrimination by the City in denying water service to Roundhill subdivision. Nor does the record contain sufficient evidence establishing that similarly situated residential developments, consisting of members not in the protected class, have been provided water service by Defendant. The evidence submitted on this point consists of commercial businesses located near Roundhill subdivision, along with an assortment of other properties which could not

reasonably be compared to Roundhill.

Even assuming sufficient evidence has been submitted to establish a *prima facie* disparate treatment claim under the FHA, Defendant has offered a legitimate, non-discriminatory reason for its denial of water service to Roundhill. The City contends that its reason for denying such water service during the relevant time frame was due to insufficient pressure in the Landon Road water line, evidenced by Ordinance No. 2501. Def.'s Mem. [595] at p. 21. L&F offers little beyond conjecture and speculation to meet its burden of showing pretext. This is insufficient to withstand summary judgment.

   2. Disparate Impact

Courts likewise utilize the *McDonnell Douglas* burden-shifting framework to evaluate FHA disparate impact claims:

> First, a plaintiff must make a prima facie case of discrimination by 'identifying and challenging a specific [housing] practice, and then show[ing] an adverse effect by offering statistical evidence of a kind or degree sufficient to show that the practice in question has caused the adverse effect in question,' . . . Second, if the plaintiff makes a prima facie case, the defendant must offer a "legitimate business reason" for the challenged practice, . . . Third, if the defendant offers such a reason, the plaintiff must demonstrate that the defendant's reason is "a pretext for discrimination, or that there exists an alternative [housing] practice that would achieve the same business ends with a less discriminatory impact."
> . . .

*Graoch Associates # 33, L.P. v. Louisville/Jefferson County Metro Human Relations Comm'n*, 508 F.3d 366, 374 (6th Cir. 2007)(internal citations omitted).

With regard to disparate impact claims, case law has established that proof of an intent to discriminate is not required. Instead, the "focus is on facially neutral

employment practices that create such statistical disparities disadvantaging members of a protected group that they are 'functionally equivalent to intentional discrimination.'" *Munoz v. Orr,* 200 F.3d 291, 299 (quoting *Watson v. Fort Worth Bank and Trust,* 487 U.S. 977, 987 (1988)). Statistical reports, surveys, or other such evidence are common methods for demonstrating adverse effect.

In *Artisan/Am. Corp. v. City of Alvin, Tex.*, 588 F.3d 291 (5th Cir. 2009), plaintiffs brought discriminatory treatment and discriminatory effect claims under the FHA. The Fifth Circuit Court of Appeals considered and analyzed both types of claims under a burden shifting theory. In spite of extensive statistical evidence offered by the plaintiff, the Fifth Circuit affirmed summary judgment in favor of the defendant City on plaintiff's discriminatory effect claim, absent proof of a waiting list for affordable housing, a demonstrable shortage of affordable housing, or identifiable tenants affected by the challenged action. *Id.* at 298-99.

In *Hanson v. Veterans Admin.*, 800 F.2d 1381, 1386 (5th Cir. 1986), the district court considered all of the extensive statistical evidence proffered and deemed it insufficient to sustain a discriminatory effect claim under the FHA. It concluded that plaintiff failed to demonstrate that defendant's appraisals resulted in a racially-based, negative impact on home values. The Fifth Circuit affirmed.

The Court has reviewed the record in this case, including the numerous exhibits submitted in connection with this Motion, and concludes that Plaintiffs have proffered no statistical or other competent evidence tending to show, among other things, the availability or non-availablility of low-income housing in the

relevant area, or the racial make-up of Roundhill and/or Group 781.  Plaintiffs have not met their summary judgment burden on the merits of their disparate impact or discriminatory effect FHA claims.  Summary judgment is appropriate.

### III.  CONCLUSION

For the foregoing reasons, the Court concludes that insufficient evidence has been proffered to establish genuine issues of material fact as to Plaintiffs' claims pursuant to the Fair Housing Act and 42 U.S.C. § 1982.  Defendant is therefore entitled to judgment as a matter of law on these claims.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the Motion for Partial Summary Judgment on Plaintiffs' Fair Housing Act and 42 U.S.C. § 1982 claims [593] filed by Defendant City of Gulfport on March 26, 2012, is **GRANTED**, and these two claims against Defendant City of Gulfport are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 11th day of July, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE