IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| L&F HOMES AND DEVELOPMENT, § | | PLAINTIFFS |
| LLC, d/b/a HYNEMAN HOMES AND § | | |
| LARRY MITRENGA § | | |
| § | | |
| v. § | Civil Action No. 1:10cv387HSO-JMR | |
| § | | |
| CITY OF GULFPORT, MISSISSIPPI § | | DEFENDANT |

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT CITY OF GULFPORT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S STATE LAW CLAIMS

BEFORE THE COURT is Defendant City of Gulfport's Motion for Summary Judgment on Plaintiffs' State Law Claims [581] filed March 26, 2012. Plaintiff[1] filed a Response [635] on April 5, 2012. The City of Gulfport filed a Rebuttal in support of the Motion [662] on April 12, 2012. After due consideration of the record, the submissions on file, and the relevant legal authorities, the Court finds that because Plaintiff's state law claims cannot succeed as a matter of law, the City of Gulfport's Motion for Summary Judgment [581] should be granted.

### I. FACTS AND PROCEDURAL HISTORY

On July 2, 2012, this Court entered a Memorandum Opinion and Order [746]

---

[1]The Court notes that the allegations contained in the Complaint, and the arguments presented in the pleadings associated with the instant Motion, refer to Plaintiffs Larry Mitrenga and L&F Homes and Development, LLC ["L&F"], collectively. In its Memorandum Opinion and Order [746] entered on July 2, 2012, the Court dismissed Plaintiff Larry Mitrenga for lack of standing. Therefore, analysis of the claims is limited to those brought by the remaining Plaintiff, L&F Homes and Development, LLC.

which set forth the relevant facts and procedural history in this case.   They will not be repeated here, however the Court adopts and incorporates them by reference. With respect to the present Motion, the Complaint asserts that:

> (A) [t]he City has violated state law and is in breach of its contracts with the state and/or county, as well as its contract with plaintiffs' predecessor in title [and plaintiffs are entitled to assert rights under these contracts as successors in interest and/or as third party beneficiaries], in that the City is required to provide adequate water service to surrounding areas, including Roundhill, by state law and relevant contracts and the City is, according to its own assertions in connection with the 781 Group project, is failing to carry out this duty;

> (B) Plaintiffs have detrimentally relied on the City's representations that the Roundhill subdivision was an existing entitled community as of December 2009 and the City is estopped from changing position concerning the subdivision's status as existing entitled community.

Compl. [1] ¶ A & B, at p. 10; Am. Compl.  While an Amended Complaint was filed on March 3, 2011 [61], no additional state law claims were asserted.  The City of Gulfport ["Defendant"] contends that it is entitled to summary judgment on Plaintiff's state law claims for breach of express contract, breach of implied contract, detrimental reliance, and estoppel.

## II. DISCUSSION

A.    Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  To rebut a properly supported motion for summary judgment, the opposing party must "show, with 'significant probative evidence,' that there exists a genuine issue of material fact." *Hamilton v. Segue*

*Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)(quoting *Conkling v. Turner*, 18

F.3d 1285, 1295 (5th Cir. 1994)).

In analyzing Plaintiff's state law claims, this Court applies Mississippi law.

*Erie R. Co. v. Tompkins*, 304 U.S. 64, 79-80 (1938); *Krieser v. Hobbs*, 166 F.3d 736,

739 (5th Cir. 1999).

> The core of what has become known as the 'Erie Doctrine' is that the
> substantive law to be applied by a federal court in any case before it is
> state law, except when the matter before the court is governed by the
> United States Constitution, an Act of Congress, a treaty, international
> law, the domestic law of another country, or in special circumstances, by
> federal common law.

*Hanley v. Forester*, 903 F.2d 1030, 1032 (5th Cir. 1990) (citing *Erie R. Co. v.
Tompkins*, 304 U.S. 64, 79-80 (1938)).

B.      Breach of Contract Claims

        1.      *Express Contract*

Defendant argues that at no time did it enter into an express contract with

Plaintiff for the provision of new water service to Roundhill.  At the time Plaintiff

purchased Roundhill in 2009, no final inspection had occurred and no letters or

papers granting water service to Roundhill had been issued.  Defendant asserts

that Plaintiff's reliance on Mr. Robert "Kris" Riemann's March 14, 2006, "will serve"

letter to Plaintiff's predecessor, as the basis for arguing that an express contract

was created for Defendant to provide water services to Roundhill, is misplaced.

According to Defendant, the "will serve" letter merely informed the original

developer's engineer where water could be accessed, and whether Roundhill was

eligible to request connection to the sewer main.

-3-

> At the time of the March 14, 2006 letter, Roundhill's water and sewer system was not in place and it would be necessary for the City to inspect and approve the system before any connections could be made.

Def.'s Mem. in Supp. of Mot. for Summ. J. [582], at p. 18.

Plaintiff maintains that a subsequent Wastewater Service Agreement[2], and the March 14, 2006, "will serve" letter[3], together with testimony and other evidence[4], collectively formed an express contract between it and Defendant for the provision of water service to Roundhill.

> The issue is not whether the will serve letter, considered as a stand alone document, became an express contract when issued by the City in March 2006. The issue is whether the will serve letter, considered as an attachment to the Wastewater Service Agreement, became part of an express contract with the City in summer 2006, when the City Council approved the Wastewater Service Agreement, the Mayor signed the Wastewater Service Agreement on the authority of the Council, and the City placed the Wastewater Service Agreement AND the will serve letter in the City's public records in a manner which indicates that the City regards the will serve letter to be an attachment to the Wastewater Service Agreement.

Pls.' Mem. in Opp'n to Mot. for Summ. J. [636] at p. 3.

Plaintiff maintains that

> [i]t is clear that the City water meter was, in fact, installed in 2007, water service was instituted in 2007, and it appears probable that such a

---

[2]Att. as Ex. "A" to Pls.' Resp. to Mot. for Summ. J. [635-1] at pp. 5-12.

[3]Att. as Ex. "A" to Pls.' Resp. to Mot. for Summ. J. [635-1] at pp. 13-14.

[4]Plaintiff's Response concedes that: "having had the opportunity to study the Orange Grove Utilities, Inc. agreement, they would agree that they are not third party beneficiaries to this agreement." Pls.' Mem. in Opp'n to Mot. for Summ. J. [636] at p. 6. Therefore, this document will not be considered in determining whether there existed an express contract between the parties.

-4-

contract was signed in January 2007. Plaintiffs infer, since the City has not alleged to the contrary, that the missing 2007 contract contained terms similar or identical to the March 2011 contract.

Pls.' Resp. in Opp. to Mot. for Summ. J. [636], at pp. 4-5.

"[I]n any suit for breach of contract, the plaintiff has the burden of proving by a preponderance of the evidence the existence of a valid and binding contract, that the defendant has broken or breached it, and that the plaintiff has suffered monetary damages as a result." *Weible v. Univ. of S. Mississippi*, 89 So. 3d 51, 59 (Miss. Ct. App. 2011)(quoting *Garner v. Hickman,* 733 So. 2d 191, 195 (Miss. 1999)).

> Under Mississippi law, questions of contract construction are questions of law, rather than questions of fact committed to the fact finder. *Facilities, Inc. v. Rogers–Usry Chevrolet, Inc.,* 908 So. 2d 107, 110 (Miss. 2005). In order to be enforceable, a contract "must be reasonably complete and its essential terms reasonably certain." *Leach v. Tingle,* 586 So. 2d 799, 801 (Miss.1991). Courts use a reasonableness standard in deciding if a contract is definite enough to be enforced. *Id.* at 802. Only when agreements are " 'vague, indefinite and uncertain' ... in which the promises and performances to be rendered by each party are not reasonably certain, are [they] not enforceable as contracts." *Massengill v. Guardian Mgmt. Co.,* 19 F.3d 196, 202 (5th Cir. 1994)(quoting *First Money, Inc. v. Frisby,* 369 So. 2d 746, 751 (Miss. 1979)).

*J.A.M. Promotions, Inc. v. Tunica County Arena & Exposition Ctr., Inc.*, 2012 WL 739428 *2 (5th Cir. Mar. 7, 2012).

With regard to contracts with public entities, Mississippi law requires that, to be enforceable, any such contract must appear in the official minutes of the relevant public board, and those so contracting are responsible for ensuring that the contract is properly recorded. *Bruner v. Univ. of S. Mississippi*, 501 So. 2d 1113, 1115 (Miss. 1987)(citations omitted).

In the present case, there is insufficient evidence that a specific, written

contract, was entered into between Plaintiff and Defendant.  Nor is there any record

of any such a contract being entered in the official minutes or records kept by

Defendant.  With respect to Plaintiff's theory that certain testimony and evidence,

when considered collectively, formed an express contract, the Court is of the view

that even construing the March 14, 2006, "will serve" letter as a letter of intent, it

does not support a conclusion that an enforceable express contract for the provision

of water service was ever created.

> The "will serve" letter states, in pertinent part, as follows:

> water service is available . . . in order to access this supply, you will be
> required to extend the main to the property of the proposed development;
> All plans for improvements are subject to the review and approval of the
> Gulfport Engineering Department prior to construction.   Once the
> improvements are completed, the Gulfport Engineering Department shall
> inspect and approve the system prior to final acceptance by the City.

March 14, 2006, Letter, att. as Ex. "1" to Pl.'s Resp. to Def.'s Mot. for Summ. J.
[635], at pp. 13-14 (emphasis in original).

The letter is clear that, in order to obtain water service from Defendant, the

developer would be required to fulfill additional conditions precedent.  Plaintiff

essentially acknowledges that the letter, in and of itself, did not create an express

contract.

> The Court has also considered the "will serve" letter in conjunction with the

Wastewater Service Agreement and other evidence relied upon by Plaintiff.  Having

thoroughly reviewed this evidence, no reasonable fact finder, which in this case

would be the Court, as this case has been designated as a non-jury matter by

agreement of the parties, could conclude that this collective evidence was sufficient

to form a valid, binding, and enforceable express contract for Defendant to supply new water service to Roundhill.

2.     *Implied Contract*

Plaintiff next contends that the March 14, 2006, "will serve" letter, together with the additional documentation and evidence, demonstrate that an implied contract was created for the provision of new water service to Roundhill.  Defendant disputes the existence of an implied contract.  Defendant contends that even if the Court determines that an implied contract was created, it is nonetheless immune from liability pursuant to the Mississippi Tort Claims Act ["MTCA"], MISS. CODE ANN. §§ 11-46-9, *et seq.*

A contract that arises from the conduct of the parties, also known as a contract implied in fact, has the same legal effect as an express contract.  It carries as much weight as, and is as binding as, an express contract. *Franklin v. Franklin ex rel. Phillips*, 858 So. 2d 110, 120 (Miss. 2003).  An implied contract is "founded upon a meeting of minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding." *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 533 (5th Cir. 2000)(internal citations omitted).  In the present case, construing the evidence in the light most favorable to Plaintiff, the Court will presume, without deciding, that in the absence of an express contract, the record supports the existence of an implied contract between Plaintiff and Defendant for provision of new water service.  The Court turns to Defendant's

-7-

asserted immunity under the MTCA.

The MTCA affords immunity to governmental entities for certain torts committed by their employees while acting in the course of their employment. MISS. CODE ANN. § 11-46-5(1).   While the breach of an express contract does not fall within the enumerated torts for which municipalities can claim protection under the MTCA, *see Weible,* 89 So. 3d at 59 (citing *City of Jackson v. Estate of Stewart ex. rel. Womack,* 908 So. 2d 703, 710-11 (Miss. 2005)), the MTCA may, under certain circumstances, afford immunity to a municipality for the breach of an implied contract, *id.* at 59 (quoting *Stewart,* 908 So. 2d at 711).[5]   In relevant part, the MTCA provides immunity to municipalities for actions:

> (d) Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused;
> . . .
> (g) Arising out of the exercise of discretion in determining whether or not to seek or provide the resources necessary for the purchase of equipment, the construction or maintenance of facilities, the hiring of personnel and, in general, the provision of adequate governmental services;
>
> (h) Arising out of the issuance, denial, suspension or revocation of, or the failure or refusal to issue, deny, suspend or revoke any privilege, ticket, pass, permit, license, certificate, approval, order or similar authorization where the governmental entity or its employee is authorized by law to determine whether or not such authorization should be issued, denied, suspended or revoked unless such issuance, denial, suspension or revocation, or failure or refusal thereof, is of a malicious or arbitrary and

---

[5]If the alleged conduct falls within one of the enumerated exceptions found in MISS. CODE ANN. § 11-46-9, immunity applies and "[t]he state cannot be held liable for damages." *Williams v. City of Gulfport, Miss.,* 2010 WL 1946627 * 4 (S.D. Miss. May 7, 2010) (quoting *State v. Hinds County Bd. of Supervisors,* 635 So. 2d 839, 842 (Miss. 1994)).

capricious nature; . . . .

MISS. CODE ANN. §§ 11-46-9(1)(d), (g), and (h).

With regard to Defendant's claim of entitlement to immunity pursuant to

subsections (d) and (g), Plaintiff argues that the City:

> does not have discretion to invent an imaginary fire flow problem in order
> to refuse water service to disfavored developers and plaintiffs' evidence
> concerning the installation of the water meter in 2007 establishes,
> according even to the testimony of the City's own witnesses, that the
> process of obtaining water service for Roundhill had advanced to the
> point that the will serve letter had become irrevocable and the City no
> longer had discretion to deny service.

Pls.' Mem. in Opp'n to Mot. for Summ. J. [636] at p. 6.

Plaintiff submits that subsection (h) does not apply in this case, inasmuch as

Plaintiff has demonstrated that Defendant acted arbitrarily and capriciously.

For purposes of assessing immunity under the MTCA, the Mississippi

Supreme Court has held that:

> the discretion to be exercised by the city authorities in the extension of its
> water system may be said to be limited to a refusal to extend where to do
> so would be unreasonable under the conditions and circumstances
> presented in the particular case; but, as we have said, unless the
> discretion is abused by the municipal authorities, their decision will be
> determinative.

*City of Greenwood v. Provine*, 108 So. 284, 286 (1926)(citations omitted).

In *Ladner v. Mississippi Pub. Utilities Co.*, 131 So. 78 (1930), the Mississippi

Supreme Court, citing *City of Greenwood,* determined that the discretion afforded to

municipalities in providing water services also applies to water companies:

> the rule is the same in the case of a water company operated under a
> franchise granted by the municipal authorities as in the case where the

-9-

> municipality owns and operates a water system. The duty of such a water company to extend the service to all applicants who reside within the municipality and are willing to comply with its regulations is not an absolute one, but it is charged with the duty of furnishing water where there is a reasonable demand for it, and a reasonable extension of the service can be made to meet the demand, considering the cost of the extension and the maintenance of the service, the present and prospective number of subscribers or customers, the present development and the prospective growth and development of the locality to be served, and the present and prospective revenue to be obtained from furnishing water in the territory to be served by such extension.

*Id.* at p. 79.

Although these cases dealt with extensions of water systems, the Court is of the view that both *Greenwood* and *Ladner* stand for the proposition that considerable discretion is afforded to municipalities in rendering decisions on the provision of new water services. Even if the Court assumes that Defendant's decision to deny new water service was erroneous, or even negligent, so long as that decision did not amount to an abuse of discretion, Defendant is entitled to avail itself of immunity under the MTCA. The record evidence supports the conclusion that Defendant's refusal to extend new water service to Roundhill was based upon a perceived lack of adequate fire flow pressure in the Landon Road water line. Although it appears that this perception later turned out to be incorrect, even if Defendant's conduct rose to the level of negligence, this does not amount to an abuse of discretion, nor does it demonstrate that Defendant's decision to deny new water service was arbitrary and capricious.

Thus, even assuming the evidence established the existence of an implied contract, the Court is of the opinion that Defendant's conduct in this case did not

-10-

rise to the level of an abuse of discretion, or was otherwise arbitrary and capricious in nature.  The evidence relied upon by Plaintiff is insufficient to overcome Defendant's entitlement to immunity under MISS. CODE ANN. §§ 11-46-9(1)(d), (g), and (h).  Summary judgment is appropriate on Plaintiff's implied contract claim.

C.     Detrimental Reliance and Estoppel Claims

Plaintiff contends that because there is conflicting evidence regarding the nature of the assurances given to it by Mr. Robert K. Riemann and Mr. Melvin Bullock, both employees of Defendant, regarding the import of the "will serve" letter, a material fact question exists as to whether Plaintiff detrimentally relied on said representations, thereby precluding summary judgment. Pls.' Mem. in Opp'n to Mot. for Summ. J. [636] at p. 7.  Defendant counters that any assurances given by either Mr. Riemann or Mr. Bullock, as employees, could not legally bind Defendant. Def.'s Rebutal to Mot. for Summ. J. [662], at p. 7.

While Plaintiff does not specifically plead the doctrine of promissory estoppel, it "may arise from the making of a promise, even though without consideration, if it was intended that the promise should be relied upon and in fact it was relied upon, and if a refusal to enforce it would be virtually to sanction the perpetuation of fraud or would result in other injustice." *Weible,* 89 So. 3d at 67.  The doctrines of promissory estoppel, equitable estoppel, and detrimental reliance "are means by which a party may be precluded from asserting contract defenses such as lack of consideration or the statute of frauds."  *Id.* at 68 (citing *Thompson v. First Am. Nat'l Bank,* 19 So. 3d 784, 788 (Miss. 1999)).

-11-

"Under Mississippi law, 'the doctrine of equitable estoppel may be applied against the state and its municipalities.'" *Bush v. City of Gulfport, Miss.*, 454 Fed. App'x 270, 280 (5th Cir. 2011)(quoting *Suggs v. Town of Caledonia,* 470 So.2d 1055, 1057 (Miss.1985)).  In order for equitable estoppel to be applied against a municipality, a plaintiff must demonstrate: (1) a belief and reliance on some representation; (2) a change of position, as a result of such belief or reliance; and (3) detriment or prejudice resulted due to a change of position. *Mayor & Bd. of Aldermen, City of Clinton v. Welch,* 888 So. 2d 416, 432 (Miss. 2004).

Plaintiff's argument that its reliance on representations made by two employees, Mr. Riemann and Mr. Bullock, caused it harm, is unavailing.  Such verbal statements by a municipality's employees are insufficient to support an estoppel claim against a municipality.

> The Mississippi Supreme Court has further explained that 'the unauthorized acts of one of [a municipality's] officials does not estop a municipality from acting in its governmental capacity.' *Suggs,* 470 So.2d at 1057. Consistent with this rule, the Mississippi Supreme Court has declined to apply the doctrine when an equitable estoppel claim is based upon the informal actions of governmental employees, rather than an official government act. . . .  *Moore ex rel. Benton County v. Renick,* 626 So.2d 148, 153 (Miss. 1993)).

*Bush,* 454 Fed. App'x at 280; *see also Robert E. Ratliff Co., Inc. v. Mississippi State Highway Comm'n,* 400 So. 2d 1211, 1214 (Miss. 1981)(verbal statement by public employee is insufficient to support estoppel claim against the state).

The Court concludes that Plaintiff has not shown the existence of any official government action, prior to Defendant's denial of water service to Roundhill, sufficient to support an estoppel claim.  Plaintiff's reliance on unofficial

representations by Defendant's employees is insufficient.

### III.  <u>CONCLUSION</u>

For the foregoing reasons, the Court concludes that insufficient evidence has been presented to establish genuine issues of material fact as to Plaintiff's state law claims for breach of contract, equitable estoppel, and detrimental reliance. Defendant is entitled to judgment as a matter of law on Plaintiff's state law claims.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the Motion for Summary Judgment on Plaintiff's State Law Claims [581] filed by Defendant City of Gulfport on March 26, 2012, is **GRANTED**, and these claims against Defendant City of Gulfport are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 20th day of July, 2012.


*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE