IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| L&F HOMES AND DEVELOPMENT, § | | PLAINTIFFS |
| LLC, d/b/a HYNEMAN HOMES AND § | | |
| LARRY MITRENGA § | | |
| § | | |
| v. § | Civil Action No. 1:10cv387HSO-JMR | |
| § | | |
| CITY OF GULFPORT, MISSISSIPPI § | | DEFENDANT |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT
CITY OF GULFPORT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
ON PLAINTIFF'S 42 U.S.C. § 1983 CLAIMS**

BEFORE THE COURT is Defendant City of Gulfport's Motion for Partial

Summary Judgment [591] on Plaintiff's 42 U.S.C. § 1983 claims, filed March 26,

2012.  Plaintiff[1] filed a Response [641] on April 5, 2012.  The City of Gulfport filed a

Rebuttal in support of the Motion [659] on April 12, 2012.  After due consideration

of the record, the submissions on file, and the relevant legal authorities, the Court

finds that because Plaintiffs' 42 U.S.C. § 1983 claims fail as matter of law, the City

of Gulfport's Motion for Partial Summary Judgment [591] should be granted.

**I. FACTS AND PROCEDURAL HISTORY**

On July 2, 2012, this Court entered a Memorandum Opinion and Order [746]

---

[1]The Court notes that the allegations contained in the Complaint, and the
arguments presented in the pleadings associated with the instant Motion, refer to
Plaintiffs Larry Mitrenga and L&F Homes and Development, LLC ["L&F"],
collectively.  In its Memorandum Opinion and Order [746] entered on July 2, 2012,
the Court dismissed Plaintiff Larry Mitrenga for lack of standing.  Therefore,
analysis of these claims is limited to those brought by the remaining Plaintiff, L&F
Homes and Development, LLC.

which set forth the relevant facts and procedural history in this case.   The Court

adopts and incorporates them by reference.  With respect to the present Motion, the

Complaint asserts that:

> Defendant has violated plaintiffs' rights under the U.S. Constitution, the State Constitution of Mississippi, . . . under 42 U.S.C. § 1983 and other applicable laws, by:
>
>> 1.    denying procedural due process to plaintiffs through numerous actions . . . ;
>>
>> 2.    denying substantive due process to plaintiffs by acting arbitrarily and capriciously and without any reasonable basis;
>>
>> 3.    denying equal protection to plaintiffs by rejecting plaintiffs' subdivision as part of an illegal scheme to exclude low income Black persons from the area;
>>
>> 4.    taking plaintiffs' property without just compensation and without due process of law inasmuch as the Roundhill Subdivision was an existing entitled community, yet defendant has illegally prevented development of the same.

Compl. [1] ¶ D 1-4, at pp. 10-11.

Plaintiff filed an Amended Complaint [61] on March 3, 2011, adding a fifth claim

that Defendant deprived:

>> 5.    plaintiffs of their right of freedom of speech and association under the First Amendment of the U.S. Constitution and under the Mississippi Constitution and applicable laws.

Am. Compl. [61] ¶ D, 5 at p. 1.

The City of Gulfport ["Defendant"] contends that it is entitled to summary

judgment on Plaintiff's §1983 claims.

## II. <u>DISCUSSION</u>

A.   <u>Legal Standard</u>

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact." *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)(citing *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

B.   <u>Due Process Claims</u>

In order for Plaintiff to succeed on its procedural and substantive due process claims, there must be a showing that Defendant deprived Plaintiff of a protected interest in life, liberty, or property.  *Shelton v. City of Coll. Station*, 780 F.2d 475, 479 (5th Cir. 1986).

   *1.    Substantive Due Process*

Defendant argues that Plaintiff cannot prevail on this claim because the expectation of provision of new water service to Roundhill is not a constitutionally protected property interest.  "Plaintiffs have failed to point to any specific state law or local ordinance to support the argument that L&F had a protected property interest in water service."  Def.'s Mem. in Supp. of Mot. for Summ. J. [592], at p. 16. According to Defendant, "Mississippi does not follow a per se rule that every person within the city limits must be provided with water service . . .."  Def.'s Mem. in

-3-

Supp. of Mot. for Summ. J. [592] at p. 16.

Plaintiff responds that the initial provision of water service is an existing property interest and relies on the following documents: 1) Affidavit of Mr. Patrick Cavanaugh, [641-27]; 2) the City's approval of the design for the Roundhill water system [641-3]; 3) the City's official minute book, allegedly containing the March 16, 2006, "will serve" letter being placed in City's official record [641-61, p. 13]; and 4) a Wastewater Service Agreement [641-61, pp. 9-12].  Plaintiff asserts that based on these documents, there existed a "reasonable expectation" of receiving water service from Defendant.   Pls.' Resp. in Opp. to Mot. for Summ. J. [642], at pp. 13-14.

In order to succeed on their substantive due process claims, Plaintiffs must establish (1) the existence of a protected property or liberty interest; and (2) a deprivation of that interest.  *Simi Inv. Co. v. Harris County, Tex.,* 236 F.3d 240, 249 (5th Cir. 2000); *Mercado Azteca, L.L.C. v. City of Dallas, Tex.*, 2004 WL 2058791 * 6 (N.D. Tex. Sept. 14, 2004)(citing *Honore v. Douglas,* 833 F.2d 565, 569 (5th Cir. 1987)(deprivation of due process by arbitrary or capricious actions or decisions)).

In *Westbrook v. City of Jackson, Mississippi*, 772 F. Supp. 932 (S.D. Miss. 1991), the district court concluded that plaintiffs there did not possess a property interest in the expectation of receiving basic municipal services, including fire protection and installation of water lines.  Thus, no substantive due process violation occurred.  *Westbrook* held in part that:

> [i]t has long been recognized that there generally exists no constitutional right to basic governmental services, such as fire and police protection. *See, e.g., Youngberg v. Romeo,* 457 U.S. 307, 309 . . .  (1982)('As a general

matter, a State is under no constitutional duty to provide substantive
services for those within its border'); . . . 'although the liberty protected
by the Due Process Clause affords protection against unwarranted
*governmental* interference . . ., it does not confer an entitlement to such
[governmental aid] as may be necessary to realize all the advantages of
that freedom.' . . .

*Westbrook,* 772 F. Supp. at 935-36 (citations omitted)(emphasis in original).

In [*Board of Regents v.*] *Roth,* the Court held that property interests
created by state law were protected by the Due Process Clause. Such
interests, the Court said, are created and their dimensions are defined by
existing rules or understandings that stem from an independent source
such as state law-rules or understandings that secure certain benefits
and that support claims of entitlement to those benefits. . . . Therefore,
[t]o have a property interest in a benefit, a person clearly must have more
than an abstract need or desire for it. He must have more than a
unilateral expectation of it. He must, instead, have a legitimate claim of
entitlement to it.

*Id.,* at 938-39 (citations omitted)

"[A] duty to provide general governmental services, such as police and fire

protection, is owed to the public in general rather than to particular individuals."

*Id.* at 940.  *Westbrook* found persuasive the reasoning in *Wooters v. Jornlin,* 477 F.

Supp. 1140 (D.Del. 1979), which held in part that:

for any right to exist, there must be some corresponding duty, [and] if one
wishes to claim a right to a general governmental service, he must show
that the provider of the service has a duty to provide that service. If the
furnishing of the service is left to the discretion of the provider then there
can be no entitlement.

*Wooters,* 477 F. Supp. at 1144; *see also  Ransom v. Marrazzo*, 848 F.2d 398, 411-412
(3rd Cir. 1988)(provision of water and sewer services by a municipality is not a
federally protected substantive right).

With the foregoing principles in mind, the Court turns to whether Mississippi law

recognizes a property interest in new or prospective water service.

-5-

The Mississippi Supreme Court has deemed that the continuance, as opposed to the expectation, of electrical power constitutes "a property interest worthy of protection under the due process clause of the Fourteenth Amendment." *Tucker v. Hinds County, Miss., et al.,* 558 So. 2d 869, 873-74 (Miss. 1990)("[a]lmost all courts considering this question also take into account the fact that utility service has become . . . necessity for safety and comfort in modern-day life.  It is time that Mississippi law recognizes such a property interest.").  However, Plaintiff has pointed to no Mississippi authority which holds that, on the particular facts presented here, Plaintiff enjoyed an individual entitlement to new, as opposed to continued, water service at the time in question.  Based upon the record and the authorities discussed above, the Court is not persuaded that, under the circumstances of this case, Plaintiff had a protected property interest in the extension of new water service to Roundhill.

Even if Plaintiff enjoyed a protected property interest in Defendant furnishing new water service to Roundhill, Plaintiff would still have to establish that Defendant arbitrarily or capriciously deprived Plaintiff of the protected property interest.  "The essence of a substantive due process claim is that a decision by a governmental body is clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Williams v. City of Gulfport, Miss.*, 2011 WL 554047 * 3 (S.D. Miss. Feb. 7, 2011)(quoting *Village of Euclid v. Ambler Realty Co.,* 272 U.S. 365, 395 (1926)).

Considerable discretion is afforded to municipalities in rendering decisions on

-6-

provision of water services.  The Mississippi Supreme Court has determined that:

> the discretion to be exercised by the city authorities in the extension of its water system may be said to be limited to a refusal to extend where to do so would be unreasonable under the conditions and circumstances presented in the particular case; but, as we have said, unless the discretion is abused by the municipal authorities, their decision will be determinative.

*City of Greenwood v. Provine*, 108 So. 284, 286 (1926)(citations omitted).

In *Ladner v. Mississippi Pub. Utilities Co.*, 131 So. 78 (1930), the Mississippi Supreme Court, citing *City of Greenwood,* determined that the discretion afforded to municipalities providing water services is likewise afforded to water companies:

> the rule is the same in the case of a water company operated under a franchise granted by the municipal authorities as in the case where the municipality owns and operates a water system. The duty of such a water company to extend the service to all applicants who reside within the municipality and are willing to comply with its regulations is not an absolute one, but it is charged with the duty of furnishing water where there is a reasonable demand for it, and a reasonable extension of the service can be made to meet the demand, considering the cost of the extension and the maintenance of the service, the present and prospective number of subscribers or customers, the present development and the prospective growth and development of the locality to be served, and the present and prospective revenue to be obtained from furnishing water in the territory to be served by such extension.

*Id.* at p. 79.

Both *Greenwood* and *Ladner* make clear that considerable discretion is afforded to municipalities in rendering decisions on the provision of water services. While there may be a factual distinction between the extension of an entire water system, and the provision of new water service to a prospective customer from an existing water line, the Court sees little difference between the two scenarios from

the standpoint of whether a municipality is afforded discretion in deciding whether to supply water service to a prospective customer.

Throughout this litigation, Defendant has consistently maintained, and has produced competent summary judgment evidence to support this contention, that the denial of water service to Roundhill was due to the perceived inability of the Landon Road water line to meet the requisite fire flow requirements of City Ordinance No. 2051.   Even if the Court construes the March 14, 2006, "will serve" letter, issued to the engineer for the original property developer several years before Plaintiff purchased Roundhill, as a representation by Defendant on which Plaintiff could have reasonably relied in order to establish a property interest, the subsequent denial of water service, even if a negligent or incorrect decision by Defendant, does not rise to the level of an abuse of discretion, nor was it arbitrary or capricious.  In sum, the evidence does not support a conclusion that the denial of water service in this case was a violation of Plaintiff's substantive due process rights. Summary judgment is proper on the substantive due process claim.

2.    *Procedural Due Process*

Plaintiff submits that in order to block the Roundhill and Group 781 developments, Defendant erected numerous procedural barriers, including refusal to sign a bill of exceptions, refusal to place the matter on the City Council agenda, and refusal to respond to written correspondence.  Pls.' Resp. to Mot. for Summ. J. [642], at pp. 25-26.

Procedural due process affords a right to adequate notice and the opportunity

to be heard.  *Honore v. Douglas,* 833 F.2d 565, 569 (5th Cir. 1987).  Ownership in real estate is an interest protected by the due process clause.  *Bd. of Regents v. Roth,* 408 U.S. 564, 572 (1972).  "To bring a procedural due process claim under § 1983, a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest." *Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001)(citing *San Jacinto Sav. & Loan v. Kacal,* 928 F.2d 697, 700 (5th Cir. 1991)); *see also Blackburn v. City of Marshall,* 42 F.3d 925, 935 (5th Cir. 1995).

Because Plaintiff has not shown the deprivation of a constitutionally protected property interest, a procedural due process claim cannot withstand summary judgment. In addition, the record evidence reflects that there were proceedings between the parties over this issue in the Harrison County Circuit Court.  Even though the outcome was not satisfactory to Plaintiff, it could have appealed this decision, or pursued other state created avenues for relief.   The Court cannot say that, in a constitutional sense, Plaintiff was denied adequate notice or a right to be heard.   Summary judgment is proper on the procedural due process claim.

C.    Equal Protection Claim

The Complaint alleges that Defendant's refusal to provide water service to Roundhill was part of an illegal scheme to exclude "low income Black persons," which denied Plaintiff equal protection under the law.  Compl. [1] at p. 10.   It is undisputed that Plaintiff is not a member of a racial minority.

Defendant submits that it is entitled to judgment as a matter of law on Plaintiff's equal protection claim, inasmuch as Plaintiffs have failed to proffer evidence demonstrating that it "treated Roundhill differently than other similarly situated subdivisions located in Harrison County, that are provided water service by the City of Gulfport." Def.'s Mem. in Supp. of Mot. for Summ. J. [592] at p. 20. Defendant contends that because Roundhill and 781 Group were both denied water service due to fire flow issues in the Landon Road water line, Plaintiffs cannot establish that they were treated differently than others similarly situated. Plaintiff counters that the certain 2003 International Fire Code ["IFC"] requirements upon which Defendant relied to deny water service were not similarly enforced as to English Manor, Holliman Place, The Meadows, and Sam's Club developments, all of which Plaintiff contends are similarly situated. Pls.' Resp. in Opp. to Mot. for Summ. J. [642], at p. 29.

The Equal Protection Clause prohibits differential treatment of persons similarly situated without a rational basis, *Mikeska v. City of Galveston,* 451 F.3d 376, 381 (5th Cir. 2006), and protects individuals from governmental action that treats similarly situated individuals differently, *John Corp. v. City of Houston,* 214 F.3d 573, 577 (5th Cir. 2000).

> To state a claim of racial discrimination under the Equal Protection Clause and section 1983, the plaintiff 'must allege and prove that [she] received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent.'

*Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 227 (5th Cir. 2012)(quoting *Priester*

*v. Lowndes Cnty.,* 354 F.3d 414, 424 (5th Cir. 2004)).

The Court finds that Plaintiff has not proffered any persuasive evidence, whether direct or circumstantial, that Plaintiff is a minority or a member of some other protected class, or that Defendant's decision to deny water service was motivated by discriminatory intent.  Defendant has offered a legitimate, nondiscriminatory reason for not approving water service to Roundhill, namely the fact that the Landon Road line could not meet the fire flow requirement of City Ordinance No. 2051.

Although not affirmatively pled in the Complaint, based on the arguments contained in Plaintiff's Response, it appears that Plaintiff is actually pursuing a "class of one" equal protection theory.  In *Bush v. City of Gulfport, Miss.*, 454 Fed. App'x 270, 280 (5th Cir. 2011), the Fifth Circuit discussed the burden that a "class of one" plaintiff must meet in order to establish an equal protection violation. "[W]here the plaintiff alleges being intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment,  .  .  . [a]n equal protection challenge to a municipality's permitting decision requires a plaintiff to 'show that the difference in treatment with others similarly situated was irrational.'"  *Bush,* 454 Fed. App'x at 281 (quoting *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000), and *Mikeska v. City of Galveston,* 451 F.3d 376, 381 (5th Cir. 2006)).

In the present case, the record evidence pertaining to Sam's Club, Holliman Place, English Manor, and The Meadows does not support a conclusion that these

entities were sufficiently "similarly situated" to Roundhill to support an equal protection claim.  Roundhill is a residential subdivision located just outside the City of Gulfport, along the Landon Road water line.  It requested, and was later denied, water service in 2010.  Though located nearby, Sam's Club is a commercial business, and is not comparable to a residential neighborhood. Aff. of Robert K. Riemann, [659-1], att. as Ex. "A" to Def.'s Rebuttal to Mot. for Summ. J.

Holliman Place, a residential subdivision located within the city limits, was required to meet the fire flow test.  When it did not pass, Defendant refused to issue a certificate of occupancy and, only after a required loop was constructed around this subdivision, did Defendant perform additional testing and thereafter supply water service.  Dep. of Robert K. Riemann, [659-2], at pp. 5-15, att. as Ex. "B" to Def.'s Rebuttal to Mot. for Summ. J.

English Manor, a residential subdivision located in Harrison County and serviced by the City, was approved for water service on October 9, 2006, but this occurred prior to Defendant's adoption of the 2003 IFC, which included the fire flow requirement at issue here.  Aff. of Robert K. Riemann, [659-1], att. as Ex. "A" to Def.'s Rebuttal to Mot. for Summ. J.   These IFC requirements, which were adopted on November 6, 2006, formed the basis of Defendant's decision to deny water service to Roundhill.

Finally, The Meadows is a residential subdivision located within the city limits, and there is no evidence establishing when this subdivision requested water service from Defendant.  *See* Dep. of Robert K. Riemann, [641-49], att. as Ex. "DD-

1" to Pl.'s Resp. to Mot. for Summ. J.  Plaintiff cites to no portion of the record which establishes that The Meadows: 1) was similarly situated to Roundhill; or 2) was geographically proximate to Roundhill and was granted water service during the same time period that Roundhill was denied water service.

Plaintiff has not carried its summary judgment burden with sufficient evidence that another, similarly situated, residential neighborhood was treated more favorably by Defendant.   Nor does the record contain sufficient evidence tending to show that Defendant's denial of water service was "irrational" under the circumstances during the relevant time period.  The evidence submitted does not create a genuinely disputed material fact question as to whether Defendant violated Plaintiff's right to equal protection under the law by refusing to provide water service to Roundhill, in light of Ordinance No. 2051 as it existed during the relevant time frame.  *See Ladner v. Mississippi Public Utilities Co.,* 131 So. 78, 79 (1930); *City of Greenwood v. Provine,* 108 So. 284, 286 (1926)*; Shadburn v. Tishomingo County Water Dist., Inc.,* 710 So. 2d 1227, 1234 (Miss. Ct. App. 1998).  Defendant is therefore entitled to judgment as a matter of law on Plaintiff's equal protection claim.

D.     Fifth Amendment Takings Claim

Plaintiff contends that Defendant's denial of water service to Roundhill amounts to a taking of property without just compensation.   It argues that:

> [a] 'temporary taking' is sufficient to support a 5[th] Amendment takings claim. Plaintiffs' development was placed on halt for thirteen months, giving rise to a temporary taking. Plaintiffs were also deprived of their

right to a water well.

Pls.' Resp. to Mot. for Summ. J. [642], at p. 29.   Plaintiff offers no further argument with respect to this allegation.

The Fifth Amendment Takings Clause is "made applicable to the States through the Fourteenth Amendment, and case law directs that private property shall not 'be taken for public use, without just compensation.'" *Urban Developers LLC v. City of Jackson, Miss.*, 468 F.3d 281, 292 (5th Cir. 2006) (quoting *Chicago, B. & Q.R. v. Chicago,* 166 U.S. 226, 229 (1897)).

In order to establish a takings claim, Plaintiff must demonstrate:  (1) a taking of property by Defendant; and (2) Defendant's denial of just compensation therefor. MISS. CONST. ART. III, § 17.  While neither party has raised this issue, the Court is first compelled to examine whether Plaintiff's takings claim is ripe for adjudication at this juncture.

> The Supreme Court has adopted a two-prong test for ripeness under the Fifth Amendment's Takings Clause, explaining that such claims are not ripe until (1) the relevant governmental unit has reached a final decision as to how the regulation will be applied to the landowner; and (2) the plaintiff has sought compensation for the alleged taking through whatever adequate procedures the state provides.

*Urban Developers LLC,* 468 F.3d at 292-93 (citing *Williamson County Reg'l Planning Comm'n v. Hamilton Bank,* 473 U.S. 172 (1985)).

Under Mississippi law, "a property owner may bring an inverse condemnation action to obtain just compensation for governmental takings." *Kessler v. City of Jackson, Miss.*, 43 F.3d 671 *2 (5th Cir. 1994).

The record contains no evidence that Plaintiff pursued an inverse

-14-

condemnation action or other appropriate procedural vehicle to seek compensation for Defendant's alleged taking of property without just compensation.  In light of the foregoing authorities, in particular the availability of inverse condemnation proceedings under Mississippi law, this Court is of the opinion that Plaintiff cannot pursue a Fifth Amendment takings claim in this Court unless and until the available state procedures for seeking just compensation have been exhausted.  *See Wilhelmus v. Parish of St. Bernard*, 2010 WL 1817770 * 2 (E.D. La. May 3, 2010) (citing *John Corp. v. City of Houston*, 214 F.3d 573, 581 (5th Cir. 2000)).   Plaintiff's takings claim is not ripe for consideration by this Court, and it should be dismissed without prejudice.

E.     <u>First Amendment Claim</u>

Defendant moves for summary judgment on Plaintiff's First Amendment claim, on the grounds that Plaintiff has failed to offer any proof demonstrating a violation of its rights to free speech and/or association.  Plaintiff's Response argues that:

> Plaintiffs' First Amendment claim is a claim for 'freedom of association'. Plaintiffs' contention is that plaintiffs have been penalized due to their history of serving a black-majority customer base. With respect to this issue, plaintiffs would adopt the evidence presented in opposition to the City's motion for summary judgment on the FHA/1982 claims. (In addition, in the interest of not inadvertently omitting some critical argument or   exhibit, plaintiffs would respectfully ask that all memoranda and exhibits filed in connection with each of plaintiffs' summary judgment oppositions be considered as being incorporated herein by reference.)

Pl.'s Resp. to Def's Mot. for Summ. J. [642] at p. 29.

"The  Constitution guarantees freedom of association . . . as an indispensable means of preserving other individual liberties." *Roberts v. U.S. Jaycees*, 468 U.S. 609, 618 (1984).  In order for Plaintiff to establish a violation of the right to free assembly or association, it must demonstrate that Defendant: 1) intruded into a person's choice to 'enter into and maintain certain intimate human relationships;' and/or 2) interfered with an organization engaged in activities protected by the First Amendment, such as speech, redress of grievances, and the exercise of religion.  *Id.; see also Swanson v. City of Bruce, Mississippi,* 105 Fed. App'x 540, 542 (5th Cir. 2004)(city entitled to summary judgment on free association claim inasmuch as no protected intimate relationship existed between police chief and assistant police chief, and relationship was deemed social and professional in nature).  "The Constitution does not include a 'generalized right of 'social association.'" *Wallace v. Texas Tech Univ.,* 80 F.3d 1042, 1051 (5th Cir. 1996)(quoting *City of Dallas v. Stanglin,* 490 U.S. 19, 25 (1989)).

> Although First Amendment protection of social association is not limited to family relationships, it is, at least in many contexts, limited to relationships 'that presuppose deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life.'

*Wallace,* 80 F.3d at 1051-52 (quoting *Board of Directors of Rotary Int'l v. Rotary Club of Duarte,* 481 U.S. 537, 545 (1940)(internal citations omitted)).

Based on the record, the Court concludes that Plaintiff has neither offered sufficient legal argument nor proffered "significant probative evidence," *Hamilton,* 232 F.3d at 477, in support of a theory that its right to freedom of association or assembly has been violated by Defendant.  No reasonable fact finder could conclude

-16-

that, based on these facts, Defendant violated Plaintiff's First Amendment rights. Because no genuine issue of material fact exists, Defendant is entitled to judgment as a matter of law on Plaintiff's First Amendment claim.

### III.  CONCLUSION

For the foregoing reasons, the Court concludes that insufficient evidence has been proffered to establish genuine issues of material fact as to Plaintiff's claims brought pursuant to 42 U.S.C. § 1983.  Defendant is therefore entitled to judgment as a matter of law on these claims.  Finally, the Court concludes that Plaintiff's takings claim is not ripe for this Court's adjudication, and it should be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the Motion for Partial Summary Judgment on Plaintiff's 42 U.S.C. § 1983 claims [591] filed by Defendant City of Gulfport on March 26, 2012, is **GRANTED**, and Plaintiff's due process, equal protection, and First Amendment claims against Defendant City of Gulfport are **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, Plaintiff's Fifth Amendment takings claim is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED AND ADJUDGED**, this the 20th day of July, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE